# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**JEROME ALLEN BARGO**                                                              **PLAINTIFF**

**VS.**                    **CASE NO. 5:16CV00270 JM/PSH**

**RAYMOND NAYLOR, et al.**                                                         **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Jerome Allen Bargo ("Bargo"), an inmate in the custody of the Arkansas Department of Correction ("ADC"), initiated this civil rights lawsuit on August 29, 2016, suing seven ADC employees. Bargo subsequently filed an amended complaint on November 23, 2016. Docket entry no. 5. The defendants were served with the complaint and amended complaint, and have responded, in part, by filing a motion to dismiss. Docket entry no. 8. In pertinent part, this motion alleges dismissal is proper because the lawsuit is a second action arising out of the same events, and is

therefore barred under the anti-duplicative litigation principle and the doctrine of claim splitting. The defendants point to *Bargo et al. v. Hobbs et al.,* Case No. 5:14cv00393, as the first case involving the facts underlying this action. When the defendants filed the motion to dismiss, the earlier case was pending. Judgment was entered against Bargo and his fellow plaintiffs in that matter on February 27, 2017. As a result, we construe the defendants' argument to be based upon *res judicata* rather than on the defense of claim splitting.[1]

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*,

---

[1] The defendants acknowledge that the "application of res judicata depends on a final judgment in one action, whereas the doctrine of claim splitting is made during the pendency of both related cases." Docket entry no. 9, page 4. Since judgment was entered in Case No. 5:14cv00393, the defendants' motion to dismiss rests solely on the doctrine of *res judicata*.

2

490 U.S. 319, 330 n. 9 (1989).

The two cases to be considered are:

*The Earlier Case – Case No. 5:14cv00393:*

Bargo and two other inmates brought this case in 2014, suing nine defendants: ADC Director, Randall Watson, Jeremy Andrews, Raymond Naylor, Thomas Roland, Keith Waddle, Gladys Evans, Jimmy Phillips, and Ojuigo Iko. The complaint styled the case as a class action. Bargo and his fellow plaintiffs described an internal investigation beginning on February 11, 2014, into irregularities at the library at the ADC's Varner Unit. Bargo and his fellow inmates worked at the library. On April 25, 2014, the plaintiffs allege they were given a computerized voice stress analysis ("CVSA"),[2] administered by Thomas Roland, in an attempt to determine if they knew of or were involved with contraband found on a library computer. On May 1, 2014, the plaintiffs were charged with a major disciplinary for failing to obey verbal and/or written orders and for deliberately giving misinformation or falsely accusing another in the course of an investigation. The disciplinary charge was brought by Jeremy Andrews ("Andrews"). Keith Waddle ("Waddle") was the disciplinary hearing officer on May 8, 2014, finding the plaintiffs guilty as charged of both rule violations.

United States Magistrate Judge Jerome T. Kearney screened the complaint and recommended dismissal of the claim regarding the use of CVSA in the disciplinary proceedings, finding as follows:

> Plaintiff alleges Defendant Evans retaliated against him for using the law library by requiring him to participate in a voice stress analysis test, and that Defendant

---

[2]The United States Court of Appeals for the Eighth Circuit described CVSA as a form of polygraph that reports on whether an individual's answers to posed questions are "deceptive" or "not deceptive." *Woods v. Arkansas Dept. of Correction*, 329 Fed.Appx. 688, 2009WL1406635 (May 21, 2009).

3

> Roland improperly conducted the test. However, as this Court noted in the October 31, 2014 Recommendation (Doc. No. 7), this allegation does not state a constitutional claim for relief, because "the general rule is that a person has no claim for civil liability based on the Fifth Amendment's guarantee against compelled self-incrimination unless compelled statements are admitted against him in a criminal case." *Entzi v. Redmann*, 485 F.3d 998, 1002 (8th Cir. 2007). Therefore, the Court finds that this claim against Defendants Evans and Roland should be dismissed.

Docket entry no. 24, page 5. United States District Judge Kristine G. Baker adopted Magistrate Judge Kearney's recommendation on April 8, 2015, finding "plaintiff Mr. Bargo's voice stress analysis claims [should] be dismissed without prejudice for failure to state a claim upon which relief may be granted." Docket entry no. 39, page 5.

Other claims of Bargo continued in the case, and Magistrate Judge Kearney issued Revised Proposed Findings and Recommendations on October 3, 2016, addressing, among other things, Bargo's allegation that the disciplinary charges against him were defective. Docket entry no. 112. Magistrate Judge Kearney described the claims as follows: "Plaintiff claims the disciplinary charges were defective in three respects: they were not supported in the notice; did not set forth how he lied, deceived or gave misinformation; and were not filed by an officer without personal knowledge of the incident. He claims that at his hearing, Defendant Waddle improperly and arbitrarily pronounced him guilty, which resulted in a sentence of thirty days in punitive isolation and a reduction to class IV." Docket entry no. 112, page 3. Magistrate Kearney addressed these claims, recommending summary judgment be granted, finding no due process violation by defendants Andrews and Waddle ("the allegation that Waddle relied on the CVSA results does not support a due process claim"). *Id.,* page 9. Further, Magistrate Judge Kearney found some evidence supported the disciplinary conviction against Bargo. This evidence included the Internal Affairs Investigation Report, which included the CVSA results. On February 27, 2017, United States

4

District Judge Kristine G. Baker adopted the Revised Proposed Findings and Recommendations in their entirety, granted the motion for summary judgment, and dismissed the complaint with prejudice. Docket entry no. 127.

*The Current Case – Case No. 5:16cv00270:*

Bargo sued seven defendants: Raymond Naylor, Randy Watson, Jeremy Andrews, Tony McHan, Thomas Rowland, Keith Waddle, and Gladys Evans. With the exception of Tony McHan, all of the defendants were named defendants in the earlier case. Bargo's complaint alleges, in pertinent part:

> the results of a computerized voice stress analysis (CVSA) system, scientifically shown to be unreliable, does not constitute "some evidence" that the Due Process Clause requires in prison disciplinary proceedings. Consequently, Mr. Bargo contends that the defendants' reliance SOLELY upon a CVSA test . . . violated the Due Process clause. . . He further contends the CVSA report was falsified . . . and that the CVSA was administered . . . with bias and inequality . . . which denied him due process and equal protection.... [H]e also alleges that the defendants conspired among themselves and with others to commit the unconstitutional acts described. . . .
>
> To be clear, this is not a claim challenging the disciplinary report, or disciplinary hearing; nor the sanctions imposed as a result of the disciplinary conviction; rather, it is essentially a claim challenging the reliability of the CVSA system, the defendants' exclusive and misplaced reliance upon the system, their abusive methodology in administering it, and conspiracy. . .

Complaint, pages 1-2. For relief, Bargo seeks numerous declarations, injunctive relief, and compensatory and punitive damages. Included in these requests for relief is a plea for an injunction to expunge Bargo's disciplinary report and conviction and to expunge any and all restrictions as a result of the disciplinary conviction. Complaint, page 21.

**Analysis:**

The defendants contend the complaint fails to state a claim against them because the doctrine of *res judicata* applies. A claim is precluded by res judicata if: (1) the initial suit resulted in final

5

judgment on the merits; (2) the initial suit was based on proper jurisdiction; (3) both suits involve the same parties or those in privity to them; and (4) both suits are based upon the same claims or causes of action. *In re Anderberg-Lund Printing Co.*, 109 F.3d 1343 (8th Cir. 1997). The initial suit, Case No. 5:14cv00393, has proceeded to judgment, satisfying the first of the four elements. There is no dispute that the initial suit was jurisdictionally proper, satisfying the second prong. With regard to the third prong, there is significant overlap among the defendants, as previously noted. The allegations in both suits focus heavily on defendants Andrews, Waddle, and Roland. All three of these defendants were named in both lawsuits. We find that both suits involve the same parties or those in privity to them.

The final factor is whether both suits are based upon the same claims or causes of action. Bargo addresses this argument in his complaint, explicitly stating "this is not a claim challenging the disciplinary report, or disciplinary hearing; nor the sanctions imposed as a result of the disciplinary conviction; rather, it is essentially a claim challenging the reliability of the CVSA system." However, the Court is not bound by Bargo's characterization. Instead, the lawsuit must be judged by the facts alleged by Bargo and the relief sought. As a complaint brought pursuant to 28 U.S.C. § 1983, Bargo is inherently alleging a violation of his civil rights.[3] Notwithstanding his statement to the contrary, the essence of this lawsuit is a claim of constitutional deprivation based upon his disciplinary court conviction in May 2014. This is the very claim which was decided in

---

[3] If Bargo's claim were construed as simply a challenge to CVSA, totally divorced from any disciplinary consequences to Bargo, then the claim would essentially be a request for an advisory opinion, and it would not amount to a valid section 1983 action. Section 1983 relief is granted when a state actor deprives another of his rights, privileges, or immunities secured by the Constitution or laws. 42 U.S.C. § 1983. Absent any allegation of a deprivation, a section 1983 claim has not been stated.

the earlier lawsuit. As a result, we recommend this complaint be dismissed because the allegations have already been litigated and decided.

Even if *res judicata* did not apply, the motion to dismiss should be granted on an alternative basis. United States District Judge Baker adopted Magistrate Judge Kearney's recommendation that Bargo's claim concerning CVSA did not state a constitutional claim because "the general rule is that a person has no claim for civil liability based on the Fifth Amendment's guarantee against compelled self-incrimination unless compelled statements are admitted against him in a criminal case." Case No. 5:14cv00393, Docket entry no. 7, page 4 (citing *Entzi v. Redmann*, 485 F.3d 998, 1002 (8th Cir. 2007)). *See also King v. Arkansas Department of Corrections*, 2008WL4079312, (E.D. Ark.) (August 28, 2008) (to the extent plaintiffs were alleging Fifth Amendment claims, the claims were dismissed as without merit).

**Conclusion:**

Based upon the foregoing, we recommend that the motion to dismiss (docket entry no. 8) the complaint be granted,[4] and the case be dismissed with prejudice. We also recommend that the Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 27th day of April, 2017.

                                                         UNITED STATES MAGISTRATE JUDGE

---

[4] In light of the recommendation to grant the motion to dismiss, the pending motion for summary judgment (docket entry no. 24) should be dismissed as moot.